# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HOLLY HIBDON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:16-01318-CV-RK |
| FARMERS INSURANCE COMPANY, INC., | ) |
| Defendant. | ) |

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

Now before the Court are Defendant's Motion for Summary Judgment (doc. 37) and Plaintiff's Cross Motion for Summary Judgment (doc. 44). Suggestions in opposition (docs. 41, 49) and reply suggestions (docs. 48, 51) were filed for both motions. After careful consideration, Defendant's Motion for Summary Judgment (doc. 37) will be **GRANTED,** and Plaintiff's Cross Motion for Summary Judgment (doc. 44) will be **DENIED**.

## Background

All of the relevant facts are undisputed. Plaintiff Holly Hibdon is the granddaughter of John and Cheryl Hibdon, and they obtained legal custody of her when she was a minor. On or about May 16, 2013, Plaintiff left Missouri where she was living with her grandparents to begin living in Texas with her boyfriend, Dillon Wooley. Plaintiff admits that she lived with Dillon Wooley in Texas continuously between May of 2013 and February 14, 2016.

On February 14, 2016, Plaintiff was injured as a result of an automobile accident that took place in Texas (the "Accident"). During the Accident, Plaintiff was a passenger in her boyfriend's vehicle while her boyfriend was driving. Plaintiff is seeking coverage under the uninsured and underinsured provisions of an insurance policy that Defendant Farmers Insurance Company, Inc. issued to John and Cheryl Hibdon effective from September 21, 2015 to September 21, 2016, with policy number 18738-33-79 (the "Policy"). John and Cheryl Hibdon live in Missouri, provided a Missouri address on the Policy, and worked with Farmers' agent, Brad Seiner, in Missouri to obtain the Policy.

The Policy listed three insured vehicles, two Chevrolet trucks and a Cadillac. At the time of the Accident, Plaintiff was a passenger in a 2014 Chevy Impala, which is not an insured vehicle under the Policy. The Policy Declarations list only "John Hibdon" and "Cheryl Hibdon"

as the "named insureds." In a separate section of the Policy Declarations, with a separate heading, the Policy Declarations list John Hibdon, Cheryl Hibdon, and Plaintiff as "household drivers." When Plaintiff was added to the Policy in 2011 as a "household driver," the premium for uninsured and underinsured motorist coverage increased. Plaintiff has at all times since 2011 been listed on the Policy as a "Household Driver," and the additional uninsured and underinsured motorist coverage premium has continued to be charged.

The Policy defines an "insured person" for purposes of uninsured and underinsured motorist coverages as "a. You or a family member; b. Any other person while occupying your insured car; c. Any person for damages that person is entitled to recover because of bodily injury to you, a family member, or another occupant of your insured car." The Policy defines "you" as "the 'named insured' shown in the Declarations and spouse if a resident of the same household." The Policy defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household."

Defendant argues that Plaintiff does not meet the definition of "insured person" for purposes of uninsured and underinsured motorist coverage under the Policy, and therefore, is not entitled to the coverage she is seeking for the Accident. Plaintiff argues that it is of no consequence that she does not meet the definition of "insured person" for purposes of uninsured and underinsured motorist coverage under the Policy because she believes the Hibdons bought added uninsured and underinsured motorist coverage for Plaintiff as a "household driver."

## Discussion

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party opposing a motion for summary judgment may not simply deny the allegations, but must point to evidence in the record demonstrating the existence of a factual dispute. FED. R. CIV. P. 56(c)(1); *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 910 (8th Cir. 2010).

The threshold question before the Court is whether the Policy provided Plaintiff with uninsured and underinsured motorist coverage for her injuries resulting from the Accident.

2

"Under Missouri law,[1] 'the insured has the burden of showing that the loss and damages are covered by the policy.'" *Breckenridge v. State Farm Mut. Auto. Ins. Co.*, No. 06-0721-CV-W-NKL, 2007 U.S. Dist. LEXIS 55535, at *7 (W.D. Mo. July 31, 2007)(citation omitted). In addition, the "interpretation of an insurance policy and the determination whether coverage and exclusion provisions are ambiguous are [] questions of law" for the Court to decide. *Floyd-Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d 215, 217 (Mo. 2014) (citation omitted). If an insurance policy is ambiguous, "it must be construed against the insurer[,]" but absent an ambiguity, the insurance policy must be construed and enforced as written. *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. 2007). In *Allied Prop. & Cas. Ins. Co. v. Stuart*, the court summarized how to review and determine whether an ambiguity exists in an insurance policy under Missouri law:

> Insurance policies are read as a whole, and the risk insured against is made up of both the general insuring agreement as well as the exclusions and definitions. In construing the terms of an insurance policy, Missouri courts apply the meaning an ordinary person of average understanding would attach if purchasing insurance . . . Ambiguities arise when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions. Ambiguity also arises where an insurance clause appears to furnish coverage but other provisions signal that such coverage is not provided. However, [d]efinitions, exclusions, conditions and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, they are enforceable. Finally, [a] court may not create an ambiguity in order to distort the language of an unambiguous policy, or, in order to enforce a particular construction which it might feel is more appropriate.

230 F. Supp. 3d 969, 972-73 (E.D. Mo. 2017) (internal quotations and citations omitted).

Here, the uninsured and underinsured coverage section of the Policy states that Defendant will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by the insured person. The Policy defines an "insured person" for purposes of uninsured and underinsured motorist coverages as "a. You or a family member; b. Any other person while occupying your insured car; c. Any person for damages that person is entitled to recover because of bodily injury to you, a family member, or another occupant of your insured car." The Policy defines "you" as "the 'named insured' shown in the Declarations and spouse if

---

[1] Both parties and the Court agree that Missouri substantive law applies to the interpretation of the Policy.

a resident of the same household." The Policy defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household."

Plaintiff concedes that she does not meet the definition of insured person under the uninsured and underinsured motorist sections – she was not occupying an insured car during the Accident, she was not listed as a "named insured," and although she was a family member of the named insureds, she did not reside in their household. However, Plaintiff argues that this is of no consequence because the Policy is ambiguous with respect to the uninsured and underinsured motorist coverage sold for Plaintiff as a "household driver" because (1) the Policy does not define "household driver" or give any description of the coverage bought, and (2) when Plaintiff was added to the Policy in 2011 as a "household driver," the premium for uninsured and underinsured motorist coverage increased and that additional premium has continued to be charged. Thus, Plaintiff argues because the policy is ambiguous to the uninsured and underinsured motorist coverage with respect to Plaintiff as a "household driver," the Court should construe the policy against the insurer and in Plaintiff's favor finding that she had uninsured and underinsured motorist coverage.

To begin, the Court finds that merely listing Plaintiff as a "household driver" without defining that term does not make the Policy ambiguous. This conclusion follows the analogous Missouri appellate court case *Eldridge v. Columbia Mut. Ins. Co.*:

> Victoria Savage was not a resident of John Earnest's household at the time of the accident. Additionally, she is not listed as a "Named Insured" on the Declarations page of the policy. She is listed in the policy only as a "Driver." More specifically, she is listed as a driver for the 2000 Chevrolet Malibu, which is a covered vehicle under the policy but was not involved in the subject accident. Based on the plain language of the insurance agreement, Victoria Savage was a covered driver with regard to the 2000 Chevrolet Malibu, but she was not an insured for any other purposes under the policy.

> We disagree with Eldridge's argument that the term "driver" is unclear because it was not defined in the policy. The mere lack of definition does not create an ambiguity. *Peck*, 169 S.W.3d at 567. Nothing in the policy suggests that its use of the term has any meaning beyond the plain and ordinary meaning of "driver." Merriam Webster's Collegiate Dictionary, 353 (10th ed. 2000) defines "driver" as "one that drives: as a: COACHMAN b: the operator of a motor vehicle[.]" These definitions are consistent with the everyday use of the word with respect to automobiles and do not create confusion or uncertainty. Further, the double listing of John Earnest in the policy, once as the "named insured" and again in another section of the policy set off with horizontal lines and headed by the

4

bolded words "DRIVER(S) SUMMARY," prevents an understanding that "driver" could have the same meaning as "named insured" under the policy.

> Although Missouri has not directly addressed this issue, other jurisdictions have recognized that the designation of "driver" on the declarations page of an insurance policy is not without effect. In *Kitmirides v. Middlesex Mutual. Assurance Co.*, 65 Conn. App. 729, 783 A.2d 1079, 1084 (Conn.App.Ct. 2001), under similar circumstances to those before us, the court held that the policy's definition of an insured is unambiguous when one party is listed as a named insured on the declarations page and another is listed as a driver, a term undefined by the policy. The court concluded that the driver designation serves as dispositive evidence of permission to use a covered vehicle. *Id*. at 1083 n.7.
>
> Indiana and Kentucky have also rejected the notion that an ambiguity arises when an automobile insurance policy fails to define the term "driver." *Millspaugh v. Ross*, 645 N.E.2d 14 (Ind.Ct.App. 1994); *True v. Raines*, 99 S.W.3d 439, 444 (Ky. 2003). The Indiana court found that while the designation of driver was significant for some purposes, including the amount of the premium due under the policy, it did not create a right to coverage under all provisions of the policy. *Millspaugh*, 645 N.E.2d at 16-17. Likewise, North Carolina has held that the term "named insured" unambiguously excludes persons listed only as drivers in policies similar to the one at issue here. *Nationwide Mut. Ins. Co. v. Williams*, 123 N.C. App. 103, 472 S.E.2d 220, 222 (N.C.Ct.App. 1996). This view is in keeping with Couch on Insurance, which explains that "one listed on the policy, but only in the status of a driver of a vehicle, is not a named insured despite the fact that such person's name was physically on the policy." 7A Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d §110:1 (2005).

270 S.W.3d 423, 427-28 (Mo. App. 2008).

Like the cases cited by *Eldridge*, this Court recognizes that the designation of Plaintiff as a "household driver" is not without effect. *See also Allstate Prop. & Cas. Ins. Co. v. Davis*, 403 S.W.3d 714, 719 (Mo. App. 2013) (The court emphasized that "driver designation does not equate a listed driver to a named insured under the policy" and noted again, as cited in *Eldridge* "other jurisdictions have found that the driver designation 'serves as dispositive evidence of permission to use a covered vehicle' or could be used in determining 'the amount of the premium due under the policy.'") As discussed in oral arguments, if Plaintiff had not been disclosed as a "household driver" when she was living in her grandparents' household, she would have been excluded from certain coverage. Insurance companies regularly require disclosures of additional drivers because the additional driver increases the risk posed to insurance companies. Additionally, the fact that the Policy's premium for uninsured and underinsured motorist coverage increased when Plaintiff was listed as a "household driver" does not mean that she (when occupying a car other than the insured vehicles listed in the Policy) is entitled to uninsured

and underinsured motorist coverage when the Policy unambiguously limited that type of coverage to the named insured, their spouse if a resident of the same household, and any person "related to the [named insured] by blood, marriage or adoption who is a resident of [the named insured's] household." *See Eldridge*, 270 S.W.3d at 428 (recognizing that other courts have found "while the designation of driver was significant for some purposes, including the amount of the premium due under the policy, it did not create a right to coverage under all provisions of the policy."); *Ott v. Firemen's Fund Ins. Co.*, 936 S.W.2d 165, 166 (Mo. App. 1996)(Plaintiff, president of a corporation, argued that the provisions of his corporation's policy are ambiguous as to who the insureds were under the policy. "The thrust of [of his] contention is that he was designated as one of the permitted drivers in the declarations and that his driving record was considered in setting premiums." The Missouri Court of Appeals, however, "[did] not find those matters relevant to the issue of whether the policy provides coverage for injuries caused by uninsured motorists. The policy is quite clear that the coverage afforded is to the named insured – the corporation – and to persons injured while occupying the vehicle. Plaintiff was neither. Under Missouri law, if the policy is unambiguous, it is to be enforced as written absent a statute or public policy requiring coverage.")

Here, the Court finds the Policy is unambiguous and not reasonably susceptible to more than one reading with regard to a "household driver's" right to uninsured and underinsured motorist coverage. The Court's ruling would not change even if the Court were to accept Plaintiff's argument regarding ambiguity as to the purpose and effect of being listed as a "household driver" and being charged an increased premium for uninsured and underinsured coverage. The Court would interpret that designation to mean that Plaintiff is a regular, permissive driver of the listed vehicles, and therefore an increased risk is posed to the insurance company.

The undisputed facts of this case show that Plaintiff was not a member of the named insured's household during the time of the Accident. Therefore, Plaintiff was not a covered "family member" as defined in the Policy because she was not a resident of John and Cheryl Hibdon's household. Plaintiff was a member of her grandparents' household when they added her to the Policy in 2011 as a "household driver." Plaintiff, at that point in time, would have been appropriately designated as a "household driver" and a covered "family member" residing in the household. However, this changed in May of 2013. Plaintiff admits that she lived with

6

Case 4:16-cv-01318-RK    Document 56    Filed 05/17/18    Page 6 of 8

Dillon Wooley in Texas continuously between May of 2013 and the date of the Accident, February 14, 2016. Although Missouri courts have described the term "household" as a "chameleon like word," in that it must be applied to the facts of the case and can refer to a consideration of temporary or permanent residence in a home or whether the parties function as a family unit, Plaintiff's situation does not fit either definition considered by Missouri courts. *See Cobb v. State Sec. Ins. Co.*, 576 S.W.2d 726, 738 (Mo. 1979) ("'Household' is a chameleon like word. . . . Although for different purposes the meaning of the word may differ, 'household' is a word to describe a close relationship, varying in detail, where people live together as a family in a closely-knit group, usually because of a close relationship by blood, marriage or adoption and who deal with each other informally and not at arm's length."); *Freeman v. State Farm Mut. Auto. Ins. Co.*, 436 F.3d 1033, 1035 (8th Cir. 2006) (In reviewing a household exclusion clause, the Eighth Circuit noted, "Missouri Courts have stated that a household includes people that live 'in a home' or under 'one roof' or the 'same roof.' *See, e.g., Liberty Mut. Ins. Co. v. Havner*, 103 S.W.3d 829, 832-33 (Mo. App. 2003); *Cameron Mut. Ins. Co. v. Marler*, 926 S.W.2d 62, 64 (Mo. App. 1996); *Watt ex rel. Watt v. Mittelstadt*, 690 S.W.2d 807, 815-16 (Mo. App. 1985); *Auto. Club Inter-Ins. Exch. v. Tonkins*, 509 S.W.2d 802, 805 (Mo. App. 1974); *Mission Ins. Co. v. Ward*, 487 S.W.2d 449, 451 (Mo. banc 1972). However, the Missouri courts do not intend that these phrases define all households, but rather that they describe common characteristics of households. The rule of broad construction of insurance contracts does not require a tortured meaning of the plain words 'residing' and 'household.' *See Shahan v. Shahan*, 988 S.W.2d 529, 535 n.2 (Mo. banc 1999)."); and *Allied Mut. Ins. Co. v. Brown*, 105 S.W.3d 543, 545 (Mo. App. 2003) ("Both the Eastern District and the Western District [Missouri Court of Appeals] recognize that the term 'household' is not ambiguous. For the purposes of insurance policies, a 'household' has been defined as: a collection of persons, whether related by consanguity or affinity or not related at all but who live or reside together as a single group or unit which is of a permanent and domestic character, with one head, under one roof or within a single curtilage; who have a common subsistence and who direct their attention toward a common goal consisting of their mutual interest and happiness. This Court recognizes that with the evolution of familial units, the definition of 'household' must be adjusted to include households wherein there are one or more persons in authority.")(internal citations omitted).

Thus, at some point, and certainly by the time Plaintiff had lived in Texas for three continuous years, she did not reside in the household and should not have been listed as a household driver. However, the fact that she has been continuously listed as a "household driver" does not change the Court's analysis above finding that the term in conjunction with the Policy's uninsured and underinsured motorist coverage provision is not ambiguous. The policy is quite clear that the uninsured and underinsured coverage afforded is to the named insureds, family members of the named insureds who live in their household, and to persons injured while occupying the insured vehicles. At the time of the Accident, Plaintiff was not a named insured, nor a family member residing in the named insured's household, nor was she occupying an insured vehicle. Thus, pursuant to Missouri law, the policy is unambiguous, and the Court will enforce it was written.

## Conclusion

Accordingly, for the reasons stated above, Defendant's Motion for Summary Judgment (doc. 37) is **GRANTED** and Plaintiff's Cross Motion for Summary Judgment (doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 17, 2018